IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00741-WDM-KMT

KYLE DAWKINS, #121311

Plaintiff,

v.

JIM KEITH,
STEVEN BROWN, JR.,
CARMEN CEBULSKI,
JOY CUNNINGHAM, and
DAVID GILBERT,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case involves a claim that Defendants placed him in administrative segregation without proper due process, thereby violating his constitutional rights. This matter is before the court on Defendants' "Motion to Dismiss Plaintiff's Second Amended Complaint" (Doc. No. 26).

## FACTUAL BACKGROUND

### *1. Facts*

The following facts are taken from Plaintiff's Second Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation.

Plaintiff is a prisoner incarcerated within the Colorado Department of Corrections. Plaintiff states on August 22, 2005, while he was a prisoner at the Bent County Correctional Facility ("BCCF"), he was removed from the general population and placed in segregation based on allegations he was involved in drug trafficking. (2nd Am. Prisoner Compl. at 4 [hereinafter "Compl."] [filed June 25, 2007].) On September 23, 2005, Plaintiff was served with a notice that an Administrative Segregation Hearing was scheduled for September 26, 2005. (*Id.*) The hearing was continued to September 27, 2005, because a hearing officer was not available. (*Id.*) On September 27, 2005, the hearing was again continued to September 28, 2005, because Plaintiff's witnesses were not available. (*Id.*) On September 28, 2005, the Classification Committee conducted the hearing. (*Id.*) However, according to Plaintiff, the Committee had already decided and documented a decision to place Plaintiff in administrative segregation, and the decision had been documented on September 27, 2005, prior to the completion of the hearing. (*Id.*) Plaintiff asserts Defendants' actions in making the decision to confine him to administrative segregation prior to the administrative segregation hearing violated his due process rights. (*Id.* at 6.)

Plaintiff names as defendants Jim Keith, Warden of BCCF; Steven L. Brown, Jr., Assistant Warden of BCCF; and Carmen Cebulski, Joy Cunningham, and David Gilbert, Classification Committee members at BCCF. (*Id.* at 2–3, 8.) Plaintiff seeks injunctive relief and money damages. (*Id.* at 8.)

Plaintiff also filed a petition in Bent County Combined Courts on November 24, 2005, seeking review of the decision to place him in administrative segregation. (*Id.* at 4, 9.) In the

Bent County Combined Courts case, Plaintiff has named the exact same defendants named as defendants in this matter, and he asserts violation of his due process rights. (*Id.*) Plaintiff states the case filed in Bent County Combined Courts case only provides for limited judicial review, and he cannot sue for punitive damages. (Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. at 3 [hereinafter "Resp."] [filed October 22, 2007].)

Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1). (Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. [hereinafter "Mot."] [filed September 21, 2007].) Defendants assert that (1) this court should abstain from exercising jurisdiction over Plaintiff's claims because this action is a collateral challenge to a pending state court proceeding; and (2) this court should dismiss Plaintiff's Complaint for failure to present a claim upon which relief can be granted. (Mot. at 4–8.)

***2. Procedural History***

Plaintiff filed his Second Amended Prisoner Complaint on June 25, 2007. (Compl.) Defendants filed their motion to dismiss on September 21, 2007. (Mot.). Plaintiff filed his response on October 22, 2007. (Resp.) Defendants filed their reply on November 5, 2007. (Defs.' Reply in Supp. of Mot. to Dismiss Pl.'s Second Am. Compl. [hereinafter "Reply"].) This matter is fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

***1. Lack of Subject Matter Jurisdiction***

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere

conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

**ANALYSIS**

***1.*** **Younger *Doctrine***

The *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief — such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings — when such relief could be sought in the state court. *Amanatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999). In addition, [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id.* If these conditions are met, abstention is nondiscretionary and must be invoked. *Id.*

As to the first condition that there must be an ongoing state criminal, civil, or administrative proceeding, Defendants assert that this action is a collateral challenge to the pending state court proceeding filed by Plaintiff in Bent County Combined Courts. (Mot. at 5.) Pursuant to Colorado Rules of Civil Procedure 106(a)(4), an inmate may appeal a determination

placing him in administrative segregation in the Colorado State District Court where the facility is located. C.R.C.P. 106(a)(4) provides:

> Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law: (I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

C.R.C.P. 106(a)(4). Plaintiff concedes he has filed a petition under C.R.C.P. 106(a)(4) for review in Bent County Combined Courts asking for similar relief as requested in this case. (Resp. at 3.) Plaintiff states the Bent County case has been pending since 2005, and the judge has not made a ruling. (Resp at 3.) Plaintiff does not dispute that the underlying claims are the same in both cases. Plaintiff apparently attempts to avoid the application of the *Younger* doctrine by asserting that this case is different in that he is seeking money damages unavailable in the Bent County proceeding. (*Id.*) However, although the *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief when such relief could be sought in the state court, the Tenth Circuit has extended *Younger* to a § 1983 claim for money damages. *See Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981) (finding where party is seeking money damages that might flow from the very fact of unconstitutional conviction under review in state habeas action, district court correctly refused to consider party's money damages claim during pendency of direct criminal appeal). Therefore, the first *Younger* requirement that there be an ongoing state criminal, civil, or administrative proceeding is met.

The second *Younger* condition, that the state court must provide an adequate forum to hear the claims raised in the federal complaint, is also met. Defendant asserts, and Plaintiff does not dispute, that the relief sought by Plaintiff is identical to the relief sought in this court — a reversal of the determination to place him in administrative segregation. Plaintiff's state proceeding provides an adequate forum to address Plaintiff's claims.

Finally, the third *Younger* condition, that the state proceedings must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies, is also met. Defendant asserts, and again Plaintiff does not dispute, that there are important state interests in allowing the Colorado state court to resolve the issues brought in Plaintiff's petition for relief under C.R.C.P. 106(a)(4). The court agrees.

As all three *Younger* conditions have been met, abstention by this court is nondiscretionary. Therefore, the court does not need to address the Defendants' argument that Plaintiff failures to present a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's "Motion to Dismiss" (Doc. No. 26) be GRANTED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of August, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge