IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00741-WDM-KMT

KYLE DAWKINS, #121311,

    Plaintiff,

v.

JIM KEITH, et al.,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 40), filed August 6, 2008, that Defendants' Motion to Dismiss (doc no 26) be granted. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified.

I have reviewed the pertinent portions of the record in this case, including the Second Amended Complaint, the motion to dismiss, Plaintiff's response, the recommendation, and Plaintiff's objections.

Plaintiff is an incarcerated state prisoner. He asserts a claim under 42 U.S.C. § 1983 for denial of due process while he was incarcerated at the Bent County Correctional Facility. Specifically, he asserts that he was placed in administrative segregation for 635 days without a proper hearing and despite the fact that the information relied upon to place

him there was revealed to be false and unreliable. Plaintiff was served with a notice of hearing for administrative segregation on or around September 23, 2005, based on information from a confidential informant and the discovery of drugs taped under Plaintiff's cell door. Although he was given a hearing on September 28, 2005, Plaintiff contends that the decision to place him in segregation was made in advance and regardless of the evidence presented at the hearing. Plaintiff asserts that this is shown by the written decision, which is dated September 27, 2005, the day before the hearing actually occurred. In addition, criminal charges against Plaintiff based on the discovery of the drugs were later dropped because the confidential informant's account was contradicted by another witness, who claimed that it was the confidential informant himself who had placed the drugs under Plaintiff's cell door. Plaintiff asserts that the defendants knew that the confidential informant was unreliable and that the exculpatory evidence was withheld. In the Second Amended Complaint, Plaintiff seeks damages and good time credits that he could have earned had he not been in segregation.

Before initiating this lawsuit, Plaintiff filed a petition for review of the decision to place him in segregation in the Bent County Combined Courts on November 24, 2005 pursuant to Rule 106 of the Colorado Rules of Civil Procedure. This administrative appeal names the same defendants as this case and is still pending. In their motion to dismiss, Defendants argue that Plaintiff's complaint should be dismissed pursuant to the *Younger* abstention doctrine, or, in the alternative, dismissed because inmates generally are not entitled to due process in prison classification decisions. Magistrate Judge Tafoya recommends granting the motion to dismiss on *Younger* abstention grounds.

In general, federal courts should not interfere in ongoing state civil or criminal

proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  To determine whether abstention is required under *Younger*, three factors should be examined: (1) whether there is an ongoing state criminal, civil, or administrative proceeding, (2) whether the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) whether the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).  Defendants assert, with little analysis, that all three factors are satisfied here, which mandates abstention.  *Id.* ("Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain.").

Plaintiff does not dispute that the first condition is met here because his pending C.R.C.P. 106 petition is an ongoing civil proceeding.  In his objections, however, he contends that the state court is not an adequate forum.  Defendants argue that Plaintiff would be entitled to the same relief in this lawsuit and in the state proceedings, specifically reversal of the administrative segregation decision.  However, as noted by Plaintiff, Plaintiff seeks damages in this lawsuit, which the state court is not empowered to award in a C.R.C.P. 106 proceeding.  In addition, Plaintiff argues that the state court's review is more limited than would be available in this forum.

C.R.C.P. 106(a)(4) provides for court review where a government body or officer exercises judicial or quasi-judicial functions but that review is available only when "there is no plain, speedy and adequate remedy otherwise provided by law" and the review is limited to "whether the body or officer has exceeded its jurisdiction or abused its discretion."  In making this determination, a reviewing may consider whether administrative agency's

3

hearing officer misconstrued or misapplied the law or whether the decision under review is not reasonably supported by any competent evidence in the record. *Stamm v. City and County of Denver*, 856 P.2d 54, 58 (Colo App.1993); *Widder v. Durango Sch. Dist. No. 9-R*, 85 P.3d 518, 526 (Colo. 2004). In this court, assuming that Plaintiff is able to show that he was entitled to constitutional due process[1] in the classification hearing, my review would entail examination of whether Plaintiff was provided process in accordance with *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *See, e.g., Lusero v. Welt*, 223 Fed. Appx. 780 (10th Cir. 2007) (if liberty interest is implicated in decision to place plaintiff in segregation, "we note that 'the process which is due under the United States Constitution is that measured by the [D]ue [P]rocess [C]lause, not prison regulations.'") (citations omitted). To satisfy due process in a prison proceeding under *Wolff*, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Decisions must be supported by "some" evidence. *Id.; Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir.1996).

Plaintiff's primary complaint, that there was no reliable evidence to support the classification decision, would be addressed under the standards applied in either court. Similarly, Plaintiff's contention that the decision was pre-determined would be adequately

---

[1] In general, placement in administrative segregation does not give rise to a liberty interest protected by due process unless the inmate can show that the classification "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

4

remedied as a clear abuse of discretion in a C.R.P.C. 106 proceeding. I conclude that, but for the state court's inability to award damages, it provides an adequate forum for Plaintiff's challenges to the classification decision. Accordingly, Plaintiff's objection in this regard is overruled.

Finally, I agree with Defendants and Magistrate Judge Tafoya that important state interests are at stake in the C.R.C.P. 106 proceeding, in that the primary issue there will be whether the prison officials adhered the state regulations concerning administrative segregation classification decisions.

Plaintiff requests that this case be stayed as an alterative to dismissal. I agree that a stay is more appropriate, given that he may obtain a favorable decision in the state proceedings, leaving only the issue of his entitlement to damages. *D.L. v. Unified Sch. Distr. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ("The rationale for Younger abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final.") Accordingly, I agree that, pursuant to *Younger*, I should abstain from examining the merits of Plaintiff's due process argument but that his claim for damages should be stayed until his C.R.C.P. 106 petition is resolved.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Tafoya (doc no 40) is accepted as modified.

2. This case will be administratively closed, subject to reopening after Plaintiff's Rule 106 petition has been finally adjudicated. If the parties do not file a

motion to reopen on or before August 31, 2009, this case will be dismissed without prejudice without further notice.

DATED at Denver, Colorado, on August 27, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge