IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   07-cv-00741-WDM-KMT

KYLE DAWKINS, #121311,

    Plaintiff,

v.

JIM KEITH, et al.,

    Defendants.

## ORDER ON MOTION TO REOPEN CASE

Miller, J.

This case is before me on the Motion to Reopen Case (ECF No. 60), filed by Plaintiff. Defendants oppose the motion. For the reasons set forth below, Plaintiff's motion will be denied and the case will be dismissed.

At the time Plaintiff filed this lawsuit he was an incarcerated state prisoner. He asserts a claim under 42 U.S.C. § 1983 for denial of due process while he was incarcerated at the Bent County Correctional Facility. Specifically, he asserts that he was placed in administrative segregation for 635 days without a proper hearing and despite the fact that the information relied upon to place him there was revealed to be false and unreliable. Plaintiff was served with a notice of hearing for administrative segregation on or around September 23, 2005 based on information from a confidential informant and the discovery of drugs taped under Plaintiff's cell door. The hearing was held on September 28, 2005; Plaintiff alleges there were numerous irregularities in the proceedings. In his Second

Amended Complaint (ECF No. 14), Plaintiff seeks damages and an award of good time credits that he could have earned had he not been in segregation.

Before initiating this matter, Plaintiff filed a petition for review of the decision to place him in segregation in the Bent County Combined Courts on November 24, 2005 pursuant to Rule 106 of the Colorado Rules of Civil Procedure. This administrative appeal named the same defendants as this case and was still pending at the time he filed his complaint in this court. Therefore, on August 27, 2008, I ordered (ECF No. 46) that this case be administratively closed pending Plaintiff's administrative appeal in the Bent County Combined Courts pursuant to Rule 106 of the Colorado Rules of Civil Procedure.

Plaintiff thereafter sought to reopen this matter on the grounds that the state court did not provide an adequate remedy. However, as noted by Defendants, Plaintiff did not prosecute his Rule 106 appeal, failing to timely perfect service on the Colorado Department of Corrections and otherwise not keeping the state court apprised of issues arising out of a new administrative hearing. Because the state court proceedings had recently been put on a schedule for briefing and resolution, I denied Plaintiff's motion to reopen as premature. See August 4, 2009 Order on Motion to Reopen (ECF No. 52). In that order, however, I extended the administrative closure of the case to August 4, 2010.

Plaintiff's Rule 106 case in the Bent County Combined Court was apparently dismissed on September 28, 2009 because Plaintiff was released on parole in July 2009, rendering the proceedings moot. Plaintiff took no further action until filing the instant Motion to Reopen Case on July 14, 2010, nearly a year after his release on parole and the dismissal of his administrative appeal. Plaintiff apparently now seeks to reopen the case to examine the merits of Plaintiff's due process claim and claim for damages. Defendants

oppose the motion on the grounds that Plaintiff's dilatory conduct in the state court prevented resolution of the matter there.  Since the state provided adequate due process for review of the proceedings, Defendants argue, no further action should be allowed, particularly since no damages are recoverable for the administrative segregation classification.

I agree with Defendants that this matter should not be reopened and, indeed, should be dismissed on mootness grounds and for failure to state a claim.  Obviously, since Plaintiff has been released from prison the majority of his claims relating to his classification are moot.  In addition, it is well established that under Colorado's good-time credit system that the loss of opportunity to earn good-time credits during a period of administrative segregation does not amount to a constitutional violation.  *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir.1978).  Moreover, Plaintiff's claim for damages as a result of his classification in administrative segregation is barred because he has not shown that the prison proceedings have been invalidated.  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court extended the rule in *Heck* to the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good time served.  Because the state provided adequate due process, which Plaintiff failed to exhaust before his release due to his own lack of diligence, his claims would fail

3

even if the matter were reopened.

Accordingly, it is ordered:

1. Plaintiff's Motion to Reopen Case (ECF No. 60) is denied.

2. Plaintiff's claims are dismissed on mootness and futility grounds.

DATED at Denver, Colorado, on December 2, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge